DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Rudolph Bilder has appealed a judgment of the Akron Municipal Court that granted judgment in favor of Defendant-Appellee Main Paint and Auto Body. This Court affirms.
 I
In the spring of 1999, Appellant was involved in a motor vehicle accident that resulted in severe rear damage to his 1978 Buick LeSabre.[1] At Appellant's request, his vehicle was towed to Appellee's place of business. Appellant had previously taken his vehicle to Appellee for repairs and maintenance advice. State Farm Insurance represented the owner of the vehicle that hit Appellant and was responsible for settling Appellant's claims.
After inspecting the vehicle, Appellee attempted to persuade Appellant to use the insurance money to buy a new vehicle because the repairs would cost more than the value of the car. An adjuster from State Farm determined that the car was totaled. However, Appellant wanted his vehicle fixed; he did not want to buy a new car. Appellee agreed to fix Appellant's car and State Farm covered most of the cost.
Some time after the repairs were completed, Appellant complained to Appellee about the work. Appellant claimed the driver's seat was not properly repaired, the correct bumper was not installed, and the emblems were not replaced. Appellant filed an action in Akron Municipal Court claiming that Appellee did not place the vehicle in pre-accident condition and that Appellee's workmanship was substandard and that, as a result, the vehicle lost value. On July 27, 2001, the trial court entered judgment in favor of Appellee. Appellant has appealed the decision, asserting one assignment of error.
 II Assignment of Error The trial court's judgment is against the manifest weight of the evidence.
Appellant has argued that the judgment was against the manifest weight of the evidence because uncontroverted evidence showed that Appellee agreed to repair his vehicle and the result was substandard work. This Court disagrees.
When determining whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. To determine whether a criminal conviction is against the manifest weight of the evidence, the court:
 review[s] the entire record, weigh[s] the evidence and all reasonable inferences, consider[s] the credibility of witnesses and determine[s] whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. Only in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal, will the appellate court reverse and order a new trial. Otten, 33 Ohio App.3d at 340. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant has asserted that his testimony and the testimony of his expert witness, Mark Sanzone, demonstrate that the trial court clearly lost its way when it found for Appellee. This Court disagrees.
The trial court made clear findings of fact and properly based its conclusions of law on those facts. The trial court was in the position to weigh the evidence and the credibility of the witnesses. The evidence shows that Appellee never agreed to return Appellant's car to pre-accident condition and that Appellant simply wanted to be able to drive his car. Appellant admitted he has been driving his car since the repairs were completed.
The evidence also shows that Appellee's work was not substandard. The transcript of the trial illustrates that Appellee attempted to repair the driver's seat, but the seat was not repairable. Appellee offered to install a new seat, but Appellant refused to allow Appellee to replace the seat.
The record clearly reflects Appellee's efforts to repair the bumper and replace the emblems. Appellee testified that he could not locate a 1978 LeSabre bumper, so he installed a 1979 LeSabre bumper. Testimony also showed that Appellee made a good faith effort to replace the emblems, but replacement emblems were not available.
After reviewing the record, weighing the evidence, and considering the credibility of the witnesses, this Court cannot conclude that, given the evidence before it, the trial court lost its way or created a manifest miscarriage of justice such that the judgment must be reversed. Appellant's contention that the judgment was against the manifest weight of the evidence is without merit. Therefore, Appellant's sole assignment of error is overruled.
 III
Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] Appellant was not at fault in the accident.